# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Gina Wilbanks, ) | |
| ) | Civil Action No.: 1:17-cv-01069-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Shiva V. Hodges' ("Magistrate Judge") Report and Recommendation ("Report") filed on February 7, 2018 (ECF No. 17). The Report addresses Plaintiff Gina Wilbanks' ("Plaintiff") claim for disabled widow's benefits ("DWB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 18 at 1, 26.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, Plaintiff filed an application for DWB and SSI on September 3, 2013, and her application was denied initially. (*Id.* at 1.) After a hearing was held on December 21, 2015, an administrative law judge ("ALJ") determined, on March 30, 2016, that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at 2, 8; ECF No. 9-2 at 31.) Despite the finding of light work, the ALJ also stated that Plaintiff could never "climb ladders, ropes, or

scaffolds." (ECF No. 9-2 at 31.) In addition, the ALJ opined that Plaintiff "should not be exposed to extreme cold, heat, humidity, wetness, fumes, dust, orders, or other pulmonary irritants" and should avoid "exposure to hazards, such as unprotected heights or moving mechanical parts." (*Id.*) Nevertheless, the ALJ found that Plaintiff could "frequently stoop, occasionally crouch, and never kneel or crawl." (*Id.*) On this basis, the ALJ denied DWB and SSI to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 36.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on March 9, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on March 25, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that, based upon the record, the ALJ's decision rested upon substantial evidence. (*See* ECF No. 18 at 7-8, 12, 15.) Specifically, the Report noted that the ALJ's RFC determination did not frustrate meaningful review, the ALJ did not err when evaluating Plaintiff's credibility, and the ALJ's assessment of Dr. Mangipudi's opinion was "relatively consistent" with other medical opinions. (*Id.* at 8, 12, 15.) The Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on February 7, 2018. (*Id.* at 17.) On February 21, 2018, Plaintiff filed an Objection to the Report and argued the following: (1) the ALJ failed to perform a function-by-function assessment of her RFC, and therefore, the decision is not based upon substantial evidence; and (2) the ALJ erred in

evaluating Dr. Turner's opinions. (ECF No. 18 at 1-7.) Plaintiff urges the court to remand the action for further administrative proceedings. (*Id.* at 7.) On March 5, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 19.) The Commissioner requests the court to adopt the Magistrate Judge's Report and to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 11) in lieu of substantively responding to Plaintiff's Objection. (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When

assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes two objections to the Magistrate Judge's Report. (ECF No. 18 at 1-7.) First, Plaintiff argues that the ALJ failed to perform a function-by-function assessment of her RFC and contests the Magistrate Judge's determination that implicit findings justify her RFC. (*Id.* at 1-5.) Second, Plaintiff alleges that the ALJ improperly evaluated Dr. Turner's opinions. (*Id.* at 3-7.) The court will consider each objection in turn.

**1. The ALJ's Determination of Plaintiff's RFC**

First, the court considers Plaintiff's argument that the ALJ failed to perform a function-by-function assessment of her RFC, and RFC determinations may not include "implicit findings" in light of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (*Id.* at 1-5.) The court finds that this objection is without merit.

Generally, an ALJ's RFC assessment must "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Woodlief v. Berryhill*, No. 5:16-CV-00191-FL, 2017 WL 4164076, at *3 (E.D.N.C. Sept. 20, 2017) (quoting *Mascio*, 780 F.3d at 636). In *Mascio*, the United States Court of Appeals for the Fourth Circuit declined to adopt "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." 780 F.3d at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). The Fourth Circuit did state

4

that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or whether other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citation omitted).

Here, Plaintiff's argument that remand is required because of the ALJ's lack of a function-by-function analysis is unavailing. (ECF No. 18 at 1-5.) In the instant case, the ALJ noted limitations stemming from Plaintiff's asthma. (ECF No. 9-2 at 31-32.) Additionally, the ALJ determined Plaintiff's RFC based on a February 2014 state agency assessment, testimonial evidence, and medical records. (*Id.* at 31-35.) Contrary to Plaintiff's assertion that "implicit findings" are no longer permissible in light of *Mascio*, this court has previously found, even after *Mascio* was handed down, that it can still conduct a meaningful review when the ALJ does not conduct an explicit function-by-function analysis and that remanding the action is not necessarily warranted when such an analysis is absent. *See Gosnell v. Berryhill*, No. 9:15-4271-TMC, 2017 WL 710543, at *2-3 (D.S.C. Feb. 23, 2017); *Ward v. Colvin*, No. 0:15-00975-TMC, 2016 WL 2956376, at *3 (D.S.C. May 23, 2016); *Lightfoot v. Colvin*, No. 2:14–cv–02367–JMC, 2015 WL 5671420, at *3 (D.S.C. Sept. 25, 2015). Unlike *Mascio*, the court is not "left to guess" about Plaintiff's ability to perform relevant work functions because as stated methodically in the Report, which includes a discussion of the pertinent facts, "the ALJ appropriately assessed and resolved contradictory evidence in the record . . . [and] cited substantial evidence to support his conclusion . . . ." (ECF No. 17 at 19-20.) *Compare* Mascio, 780 F.3d at 635-37, *with* ECF No. 17 at 19-20. Accordingly, the court finds no basis for remand on this issue.

**2. The ALJ's Evaluation of Dr. Turner's Opinions**

Lastly, the court considers Plaintiff's argument that the ALJ improperly evaluated Dr. Turner's opinions. (ECF No. 18 at 5-7.) Specifically, Plaintiff alleges that Dr. Turner's opinions

should not have been given little weight, and the Magistrate Judge erred in deciding that the ALJ's credibility determination was grounded in substantial evidence. (*Id.*) This objection is centered on Dr. Turner's failure to indicate Plaintiff's disability on an application for a disabled placard and license plate. (*Id.* at 6.) This argument by Plaintiff is likewise without merit.

An ALJ is required to consider all of the medical opinions within the record. *See* 20 C.F.R. §§ 404.1527(b), 416.927(b). Generally, an ALJ is required to give "greater weight to the testimony of a treating physician, [but] the rule does not require that the testimony be given controlling weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)). In some instances, "a treating physician's opinion on the nature and severity of [a] claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Id.* (citing 20 C.F.R. § 416.927). Accordingly, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent *with other substantial evidence*, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (emphasis added). The ALJ is entrusted with determining whether a claimant is disabled and cannot be bound by a treating physician's opinion regarding a claimant's ability to work. *See Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016). Nevertheless, "[t]he [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996).[1]

---

[1] Recently, SSR 96-5p was rescinded by the Social Security Administration. *See* SSR 96-2p, 2017 WL 3928298, at *1 (Mar. 27, 2017). However, SSR 96-5p still applies to Plaintiff's case because

In the instant case, the Report concludes that "[s]ubstantial evidence supports [the ALJ's] decision to give [Dr. Turner's opinion] little weight." (ECF No. 17 at 25.) This court agrees. Plaintiff is correct in stating that the court cannot draw an inference from an omission. (ECF No. 18 at 6 (citing *Marlow v. Astrue*, No. 3:09–cv–562, 2010 WL 1993850, at *6 (M.D. Tenn. May 28, 2010)).) However, the remaining inquiry is still whether substantial evidence justifies the ALJ's decision to give little weight to Dr. Turner's opinion. *See Marlow*, 2010 WL 1993850, at *6; *see also Walls*, 296 F.3d at 290. Plaintiff does not seem to dispute that the court must answer this additional question. (ECF No. 18 at 5-7.) In the instant case, the ALJ applied the correct legal standards as it relates to Dr. Turner's opinion and considered relevant factual findings (ECF No. 9-2 at 35). *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) ("[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.") (citations omitted). Indeed, the ALJ's decision took Plaintiff's current objections into account.[2] (*Compare* ECF No. 9-2 at 31-35, *with* ECF No. 18 at 5-7.) Upon review of the Report, the court agrees with the Magistrate Judge's thoughtful conclusion that the ALJ's credibility determination was based upon substantial evidence within the record. (ECF No. 17 at 21-25.) Thus, the court finds no basis for remand on this issue.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 18) and the Magistrate Judge's Report (ECF No. 17), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation

---

SSR 96-2p only applies to claims "filed on or after March 27, 2017." *Id.* Plaintiff filed her claims on September 3, 2013 (ECF No. 18 at 1.), which was well before the repeal of SSR 96-5p. *Id.*

[2] "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

7

(ECF No. 17), adopting it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

September 19, 2018
Columbia, South Carolina